IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QVC, INC. | : | CIVIL ACTION |
|  | : | NO. 08-3830 |
| v. | : |  |
|  | : |  |
| MJC AMERICA, LTD. | : |  |
| d/b/a SOLEUS INTERNATIONAL, INC. | : |  |
|  | : |  |

**MEMORANDUM AND ORDER**

Now before me is the motion of defendant MJC America, Ltd., d/b/a Soleus International, Inc. for reconsideration and relief from judgment and plaintiff QVC Inc.'s response thereto.  On July 18, 2011, I entered an Order that, inter alia, entered judgment in favor of QVC and against Soleus in the amount of $284,353.75 for QVC's damages for shipped customer return merchandise.  In its motion for reconsideration, Soleus contends that "newly discovered documents . . . show that QVC agreed to and opted to receive a credit and deducted the credit from the balance owed to Soleus" for shipped customer return merchandise.  Soleus Mot. for Reconsid. at 4.  Soleus asserts that

> [a]fter receiving the Court's ruling, Soleus[ ] searched its accounting records again and located credit memoranda that Soleus issued from December 11, 2007 through March 19, 2008 for shipped customer return merchandise, as well as QVC's Vendor Statement VWP and Sales By Show reports which reflect QVC's acknowledgment and acceptance of credits and its deduction of the credits to the balance owed.

Id.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Reconsideration is appropriate if the moving party shows "(1) an intervening change in

the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used "as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 19, 2001).

QVC rightly disagrees with Soleus's characterization of this evidence as "newly discovered." The evidence now submitted by Soleus was, by Soleus' own admission, available to Soleus at the time it made its response to QVC's motion for summary judgment and cannot serve as the basis for granting a motion for reconsideration. See Marino v. Kent Line Int'l., No. 02-4488, 2003 WL 22597690, at *1(E.D.Pa. Oct. 29, 2003) (quotation omitted) (finding documents produced by the defendants during the course of discovery were not "new evidence that was not available when the court granted the motion for summary judgment . . . and therefore they cannot be grounds for reconsideration").

Soleus was less than careful in filing sufficient evidence to rebut the facts set forth in QVC's motion for summary judgment. Rather than provide the Court with a detailed accounting of any credits issued to QVC for shipped customer return merchandise in its response to QVC's motion for summary judgment, Soleus argued merely that "[s]ince there were numerous returns by QVC that resulted in the exchange of numerous credit and debit memorandum [sic] issued by the parties, the amount and reasonableness of QVC's claim for monies and damages and the balance owed by each party are triable issues of material fact." Dkt. No. 39 at 5. In order to

defend against a motion for summary judgment, the adverse party must raise "more than a mere scintilla of evidence in its favor" and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  However, in order to prevent the injustice that might result if QVC received the benefit of both a credit and a refund for the same merchandise, I will GRANT Soleus's motion only to the extent that Soleus can prove at trial that its obligation to reimburse QVC for all or some portion of shipped customer return merchandise was satisfied by QVC's acceptance of credits for such merchandise before QVC informed Soleus that it intended to exercise its option to receive a refund under Section 7 of the Purchase Orders in the April 8, 2008 letter from QVC to Charley Loh.

       SO ORDERED, this 24th day of August, 2011.

       It is FURTHER ORDERED that:

(1) the above captioned case is referred to Magistrate Judge L. Felipe Restrepo for a settlement conference; and

(2) the trial presently scheduled for Monday, October 3, 2011 at 10:00 AM is RESCHEDULED to Monday, November 14, 2011 at 10:00 AM in Courtroom 4A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

                                            *s/Thomas N. O'Neill, Jr.*
                                            THOMAS N. O'NEILL, JR., J.